Booth, Judge,
delivered the opinion of the court:
Plaintiffs are joint owners of a patented invention. Charles Paridy was granted Letters Patent No. 1047281 on June 10, 1912. The plaintiff, Anna McLatchie, acquired by assignment an undivided interest in the patent on October 12, 1918. Ferdinand Lother, the remaining plaintiff, acquired an undivided one-fourth interest in the patent on October 17, 1918. The petition in the case is decidedly disconnected, contains several immaterial allegations, and save for one or two paragraphs would not warrant consideration. The material allegations set forth a cause of action for infringement. A huge sum of money is sought to be recovered, not upon any reduced or certain basis of damages, but upon a supposed use by the Government of a large number of wax-tanks during the war. The case was referred to a commissioner of the court. Plaintiffs’ attorney points out no specific objections to the commissioner’s findings, being content to rest his case upon a general objection going to faults of omission rather than commission. The record fully sustains the commissioner’s findings, and we approve and adopt them as the findings of the court.
The inventor’s device, upon which he confidently reljes, is stated by him to be “ an improvement in antifriction mountings.” The novelty he claimed resides in a conception to improve the axle mounting of car trucks and other machinery so that the same will operate with less frictjon and wear and at the same time add strength to the mounting, reducing to the minimum the possibility of disorder. The *383 specifications and claim, together with the accompanying illustration of the dev,ice, clearly disclosed its application to four-wheeled trucks running on rails or tracks, the type commonly and now used in the manufacture of railway coaches, Pul]man cars, and locomotives, etc. It is true a broader use is claimed, but the distinct novelty involved is a device the mechanism of which is centered upon the idea of reduced friction in this regard. The inventor, in speaking of his predominant idea, uses these words, “ that an axle mounting of my construction generates much less friction than an axle mounting of common construction.’7 The patent clearly discloses that the patented device was designed to reduce friction in cases of locomotion involving high speed and revolutionize the prevalent type of railway trucks employing axles extended outside the wheels of the truck within axle boxes, the latter being used in part as receptacles for the, deposit of large quantities of lubricating elements to safeguard against excessive friction. The elements and controlling principle of plaintiffs’ device are claimed as present in the caterpillar tanks manufactured for the Government and its Allies in large numbers by the Holt Manufacturing Company during the war. The wide range of differentials between plaintiffs’ dev,ice and the patents granted to Holt and Lombard is so decidedly conspicuous that a review of each of them would extend this opinion far beyond what the merits of the case warrant. Findings VII and IX point them out in detail. For present purposes it is sufficient to observe that the caterpillar tractor alleged to infringe was constructed in accord with patents owned by the Holt Manufacturing Company, issued more than two years prior to the date of plaintiffs’ patent.
Section 4920, Revised Statutes, Title XI, precludes a recovery. It reads as follows:
“ In any action for infringement the defendant may plead the general issue, and having given notice in writing to the plaintiff or his attorney thirty days before, may prove on trial any one or more of the following special matters:
“ Third. That it had been patented or described in some printed publication prior to his supposed discovery ther'eof, *384 or more than two years prior to his application for patent therefor.”
Aside from the absolute impracticability of plaintiffs’ ■device and its utter lack of commercial value, the prior art effectually forecloses the issue of infringement. The plaintiffs, fully realizing the force of the defendant’s contention in this respect, attempt to inject into the case a record of unfair and criminal accusations against Mr. Benjamin Holt, now deceased, late president of the Holt Manufacturing Company. The alleged purpose of so doing is to discredit the Holt patents by an unsupported charge by which we are asked to find that Mr. Holt obtained his ideas and secured his patents by clandestinely appropriating a working device illustrative of Mr. Paridy’s patent, some twenty years prior to its patent, at a time when Mr. Paridy was unable to forestall the alleged theft because of illness and physical disabilities. The contention has no place in the record, is wholly unsustained, and would not have received attention save for the fact that it has been designedly spread upon our records, either in abject ignorance of its availability as a defense in this case, or, what seems more likely, as a pretense brought before the plaintiffs for continuing this hopeless litigation over a period of six years.
The plaintiffs in this case, in our opinion, have been ill-advised. The petition will be dismissed. It is so ordered.
Moss, Judge; Graham, Judge; and Campbell, GMef Justice, concur.